# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENOIR SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>C. MUNOZ, et al.,<br><br>    Defendants. | 1:13-cv-00387-BAM (PC)<br><br>SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT AND GRANTING LEAVE TO AMEND<br><br>(ECF No. 6)<br><br>THIRTY-DAY DEADLINE |

**I.   Screening Requirement and Standard**

Plaintiff Michael LeNoir Smith ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on March 18, 2013. Plaintiff's first amended complaint, filed on March 27, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the Sacramento County Main Jail. The events alleged in the complaint occurred while Plaintiff was housed at Corcoran State Prison. Plaintiff names the following defendants: (1) C. Munoz, Lieutenant; (2) A. Perez, Correctional Sergeant; (3) Bueno, Correctional Sergeant; (4) R. Broomfield, Correctional Captain; (5) C. Gipson, Warden; (6) Karen Cribbs, Appeals Coordinator; (7) N. Pana, Appeals Coordinator; (8) S. Shelby, Correctional Guard; (9) J. Almaguer, Correctional Guard; (10) J. R. Alfaro, Correctional Guard; (11) Lt. F. Munoz, Lieutenant; and (12) Podsakoff, Correctional Guard.

Plaintiff's complaint concerns three separate incidents occurring at different times during his incarceration at Corcoran State Prison. Given the lengthy nature of Plaintiff's complaint, the Court summarizes Plaintiff's allegations.

The first incident occurred on July 20, 2012. Plaintiff alleges that he was "speared" by Inmate Prado while being escorted to his cell by Defendants Almaguer and Alfaro. Plaintiff had

no prior incident with Inmate Prado.  Although Plaintiff was seen by two nurses, and treated by one, he complains that Defendant Bueno failed to ensure his medical care.  Plaintiff also complains about the investigation of the incident and the placement of Inmate Prado after the incident in a cell with a perforated door.  Plaintiff asserts a claim against Defendants Almaguer and Alfaro for violation of his Eighth and Fourteenth Amendment rights for failure to protect him.  He asserts a claim against Defendant Bueno for violation of his Due Process rights.  He also asserts a claim against Defendants Munoz, Broomfield and Cavazos for failure to properly investigate the incident and failure to protect him.

   The second incident occurred on November 21, 2012.  While Plaintiff was participating in outdoor recreation, Inmate Benjamin Quiroz yelled, "Watch out!"  He pointed in the direction of Inmate Sandoval.  Plaintiff saw Inmate Sandoval holding a half-pint milk carton.  Inmate Sandoval then threw the container, which was full of an unknown liquid, at Plaintiff, striking him in the face and dousing him with liquid that smelled like urine.  Inmate Sandoval then walked to the toilet and dipped the empty milk carton into it.  Plaintiff immediately called out to the Recreation Officer, Defendant Shelby.  Defendant Shelby continued to watch as Inmate Sandoval threw the contents of the milk carton at Plaintiff as Plaintiff ran around the inside of the cage.  Defendant Shelby watched Inmate Sandoval throw urine and toilet water at Plaintiff approximately five or six times.  Plaintiff then filled his hands with water from the faucet and threw it at Inmate Sandoval.  Inmate Garcia, who was next to Inmate Sandoval, threw water at Inmate Sandoval.  Defendant Shelby did not issue any orders to stop until Plaintiff retaliated.  When Plaintiff said something to Defendant Shelby, Defendant Shelby then called for two correctional officers, Defendants Podsakoff and Hernandez, to escort the three inmates back to their housing unit.

   After the incident, Defendant Shelby wrote an RVR CDC 115 for "behavior that could lead to violence."  Defendant Shelby reported the incident in such a way that it gave the impression that only Plaintiff was involved.  When Plaintiff attended his disciplinary hearing, Plaintiff admitted to retaliating by throwing water, but attempted to explain that he was not guilty of the alleged violation.  Defendant Munoz, the hearing officer, imposed sanctions against

1  Plaintiff, including loss of TV/radio, loss of personal property, loss of yard and solitary yard.
2  After the hearing, Plaintiff was put in a holding cage, while Defendant Hood and an unknown
3  officer entered Plaintiff's cell and began ransacking it.  Defendant Perez reportedly instructed the
4  officers to take everything, including Plaintiff's legal work.  When Plaintiff was placed back in
5  the cell, he was left with two sheets, a blanket and a mattress.

6  The third incident began with an appeal/grievance submitted by Plaintiff on January 3,
7  2013 complaining that Defendant Munoz had imposed unauthorized sanctions.  The grievance
8  was converted to a staff complaint.  On February 4, 2013, Lt. Munoz had custody staff bring
9  Plaintiff out of his assigned cell and taken to the rotunda.  Lt. Munoz was there to interview
10 Plaintiff about the staff complaint.  During the last week of February or first week of March
11 2013, Defendant Podsakoff appeared at Plaintiff's assigned cell with Officer Vasquez.
12 Defendant Podsakoff asked Plaintiff if he wanted to speak with the Captain, but Plaintiff
13 declined.  When Defendant Podsakoff later identified the Captain as Defendant Broomfield,
14 Plaintiff did not believe he had any reason to speak with Defendant Broomfield.  Plaintiff alleges
15 that Defendant Broomfield allowed his staff to take unauthorized actions against Plaintiff,
16 including Sgt. Perez threatening to place a knife in Plaintiff's mattress on February 21, 2013.

17 On February 21, 2013, Lt. Munoz appeared at Plaintiff's cell and said that he should have
18 had Plaintiff sign a form when he interviewed Plaintiff.  Plaintiff signed the form and dated it
19 that day.

20 On March 7, 2013, Lt. Munoz appeared at Plaintiff's cell.  There was no need to
21 participate in any interview with Defendant Broomfield.

22 On March 22, 2013, at mail call, Plaintiff received a response to his staff complaint,
23 which was cancelled because Plaintiff allegedly refused to be interviewed by Defendant
24 Broomfield.  Plaintiff alleges that Defendant Broomfield fabricated that he was the interviewer
25 and supports Plaintiff's claim that Defendant Broomfield encouraged the misconduct by other
26 defendants.
27 ///
28 ///

**III.    Deficiencies of Complaint**

Plaintiff's complaint does not comply with Federal Rules of Civil Procedure 8, 18 and 20. Plaintiff will be granted leave to file an amended complaint. To assist Plaintiff, the Court provides the pleading and legal standards that appear applicable to his claims. Plaintiff should amend only those claims that he believes, in good faith, are cognizable in this action.

**A.    Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff has not provided a short and plain statement of his claims. Plaintiff's complaint exceeds thirty-five pages and concerns multiple incidents spanning nearly one year. If Plaintiff elects to amend his complaint, he must set forth a short and plain statement of the allegations against each defendant.

**B.    Federal Rules of Civil Procedure 18 and 20**

Plaintiff is raising numerous claims based on different events. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule

20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not assert multiple claims against unrelated defendants in this action. That the defendants all work at the same facility is not sufficient to support joinder of claims. Indeed, Plaintiff may not bring a single action for unrelated incidents occurring while he was housed at Corcoran State Prison. For example, Plaintiff may not pursue a failure to protect claim arising out of an incident on July 12, 2012, while simultaneously pursuing another failure to protect claim arising out of an unrelated incident in November 2012. In his amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action. If Plaintiff does not do so and his amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

### C. Supervisory Liability

To the extent Plaintiff seeks to hold Defendants Gibson and Broomfield (or any other defendant) liable based upon their supervisory positions, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

### D. Claims Arising from Inmate Appeals

Certain of Plaintiff's claims arise from Defendants' involvement in the inmate appeals process. Plaintiff cannot pursue any claims against staff relating to their involvement in the administrative review of his inmate appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a

particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 129 S.Ct. at 1949; Jones, 297 F.3d at 934, and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on a grievance, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

### E. Eighth Amendment – Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

#### July 2012 Incident

Plaintiff has not stated a claim arising out of his alleged spearing by Inmate Prado. Plaintiff has failed to adequately allege that Defendants Almaguer and Alfaro knew that he was at risk from harm at the hands of Inmate Prado prior to the incident.

#### November 2012 Incident

Plaintiff has not stated a claim arising out of his being doused with toilet water and urine by Inmate Sandoval. Plaintiff has failed to adequately allege that Defendant Shelby knew of a risk of harm to Plaintiff prior to the incident.

### F. Eighth Amendment - Medical Care

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate

indifference to an inmate's serious medical needs. <u>Snow v. McDaniel</u>, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, <u>Peralta v. Dillard</u>, 744 F.3d 1076, 1082-83 (9th Cir. 2014); <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir. 2012); <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." <u>Wilhelm</u>, 680 F.3d at 1122 (citing <u>Jett</u>, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." <u>Wilhelm</u>, 680 F.3d at 1122 (citing <u>Jett</u>, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. <u>Snow</u>, 681 F.3d at 985 (citation and quotation marks omitted); <u>Wilhelm</u>, 680 F.3d at 1122.

Plaintiff has failed to state a claim for deliberate indifference to serious medical need against Defendant Bueno. Plaintiff admits that he was seen by two nurses and treated by one. His allegations involving Defendant Bueno do not establish that Plaintiff failed to receive treatment or that Defendant Bueno was deliberately indifferent to a serious medical need.

**G.     Due Process-Disciplinary Proceedings**

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. <u>Wilkinson</u>, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. <u>Id.</u> The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, <u>id.</u> at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, <u>id.</u> at 222-23 (citing <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary

incidents of prison life.  Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff's complaint sets forth no facts demonstrating that he was deprived of a protected liberty interest as a result of the disciplinary proceeding.  Wilkinson, 545 U.S. at 221; Sandin, 515 U.S. at 484.  Additionally, there are no facts describing what procedural protections Plaintiff was allegedly deprived of related to his disciplinary hearing.

### H.   Deprivation of Property

Plaintiff appears to complain about the deprivation of his legal property.  While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful postdeprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir.1984).

To the extent Plaintiff claims that his legal property was intentionally taken as a form of retaliation, this is an unauthorized, intentional deprivation. Due Process is therefore satisfied if there is a meaningful post-deprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir.1994) (citing Cal. Gov't Code §§ 810–895). Accordingly, Plaintiff has failed to state a cognizable claim for the alleged deprivation of his legal property.

### IV.   Conclusion and Order

Plaintiff's first amended complaint fails to comply with Federal Rules of Civil Procedure 8, 18 and 20 and fails to state a cognizable claim.  As noted above, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Since Plaintiff must comply with Federal Rule of Civil Procedure 18, his amended complaint may not exceed twenty-five (25) pages.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations

must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George</u>, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa Cnty, Ariz.</u>, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to comply with Federal Rules of Civil Procedure 8, 18 and 20;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint.  Plaintiff's amended complaint may not exceed twenty-five (25) pages; and
4. <u>If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **November 14, 2014**          /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE