# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENOIR SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. MUNOZ, et al.,<br><br>　　　　Defendants. | 1:13-cv-00387-BAM (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(ECF No. 12) |

　　　　Plaintiff Michael Lenoir Smith ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on March 18, 2013. Plaintiff consented to the jurisdiction of the Magistrate Judge. (ECF No. 7.)

　　　　On November 17, 2014, the Court dismissed Plaintiff's first amended complaint with leave to amend within thirty days. 28 U.S.C. § 1915A. Plaintiff was warned that if he failed to file an amended complaint in compliance with the order, this action would be dismissed for failure to obey a court order. More than thirty days have passed, and Plaintiff has not complied with or otherwise responded to the order.

　　　　The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions including, where appropriate, dismissal of the action. Bautista v. Los

Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action for failure to comply with court order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  Id. (citation omitted).

      Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to obey a court order and failure to prosecute.  Id.  This action, which has been pending since March 2013, can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  Id.  Accordingly, this action is HEREBY DISMISSED for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated: **January 6, 2015**           /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE